UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES CARTER,<br><br>Defendant. | No. 2:21-cr-00104-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Charles Carter's ("Defendant") *pro se* Motion to Remove Status Points pursuant to Amendment 821 to the United States Sentencing Commission's Guidelines ("Amendment 821"). (ECF No. 631.) The Federal Defender's Office filed a notice informing the Court it would not assume representation of Defendant in this matter. (ECF No. 633.) The Government filed an opposition. (ECF No. 637.) Defendant did not file a reply. For the following reasons, the Court GRANTS Defendant's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 18, 2022, Defendant pleaded guilty to Count One of the Superseding Information. (ECF No. 270.) Count One charged Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). (ECF No. 259.) In the final presentence investigation report ("PSR"), filed October 26, 2022, the probation officer found

1

1  Defendant had a criminal history score of 12, placing him in criminal history category V.  (ECF
2  No. 301 at 13–14.)  Defendant's criminal history score included two points added pursuant to
3  § 4A1.1(d) of the 2021 United States Sentencing Commission Guidelines.  (*Id.* at 13.)  With a
4  criminal history category of V and total offense level of 21, Defendant's applicable guideline
5  range was 70 to 87 months.  (*Id.* at 20.)  On November 17, 2022, the Court adopted the PSR and
6  sentenced Defendant to a 70-month term of imprisonment, followed by a 48-month term of
7  supervised release.  (ECF No. 325 at 2, 3.)  On June 18, 2025, Defendant filed the instant motion
8  seeking relief based on Amendment 821.  (ECF No. 631.)

## II. STANDARD OF LAW

Amendment 821 made two changes to how criminal history points and offense levels are calculated.  U.S.S.G. § 1B1.10(d).  First, in Part A, the Sentencing Commission amended the "status point" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e).  Under the amended provision, a person who otherwise presents 7 or more criminal history points now receives 1 status criminal history point, instead of 2, for an offense committed while under a criminal justice sentence, while a person who otherwise presents 6 or fewer criminal history points receives no status points.  *Compare* U.S.S.G. § 4A1.1(d) (2021 and prior versions), with U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).  Second, in Part B Subpart 1, the Sentencing Commission added a "zero-point offender" provision in U.S.S.G. § 4C1.1(a), which provides a two-level reduction in offense level for certain offenders who meet ten enumerated criteria.[1]

## III. ANALYSIS

Defendant argues he qualifies for relief under Amendment 821's status point provision because at the time of his sentencing, the Court imposed a 2-point enhancement in accordance with § 4A1.1(d) of the Sentencing Guidelines due to him being on probation at the time of the subject offense.  (ECF No. 631 at 1.)  While Defendant acknowledges that even with the reduction in criminal history points, he will remain in criminal history category V, Defendant

---

[1] Defendant does not seek a sentence reduction under Amendment 821's zero-point offender provision and the Court notes Defendant does not qualify as a zero-point offender since he was assigned criminal history points at sentencing.  *See* U.S.S.G. § 4C1.1(a)(1) (requiring a defendant to show that he did not receive any criminal history points under Chapter 4, Part A).

1  contends the adjustment will lead to a lower custody level and provide him the chance to be
2  transferred to a prison camp within the Bureau of Prisons ("BOP").  (*Id.* at 2.)  Defendant seeks
3  the following relief: "1. Order the status points enhanced by this [C]ourt removed; 2. Order the
4  record to reflect the Defendant's new criminal history points; 3. Direct the [BOP] to update their
5  records to reflect the change in the Defendant's criminal history points and to proceed
6  accordingly with future Program Reviews; [and] 4. Order any other relief this [C]ourt deems
7  proper and just."  (*Id.* at 3.)

8       In opposition, the Government argues Defendant is not eligible for relief under 18 U.S.C.
9  § 3582(c)(2) ("§ 3582(c)(2)") because applying Amendment 821 will not reduce his guideline
10 range.  (ECF No. 637 at 2.)  The Government argues that criminal sentences are final and the
11 Court's ability to modify a sentence or retroactively apply amendments is limited.  (*Id.* at 3–6.)
12 The Government contends that because Defendant is ineligible for relief under § 3582(c)(2), and
13 in the absence of other express authority, the Court is unable to adjust Defendant's criminal
14 history score.  (*Id.*)  The Government further argues that Defendant's request is beyond the
15 Court's ancillary jurisdiction but acknowledges courts are split on whether authority exists to
16 retroactively recalculate a defendant's criminal history score in accordance with Amendment 821
17 outside the context of sentence reduction.  (*Id.* at 4–5.)  Finally, the Government provides a
18 declaration from a BOP representative who states that a one-point reduction in Defendant's
19 criminal history score will have no impact on BOP's determination of his security classification
20 level or general recidivism score.  (ECF No. 637-1.)

21       As an initial matter, the Court finds it has jurisdiction to recalculate Defendant's criminal
22 history status points under Amendment 821.  Federal district courts have ancillary jurisdiction
23 over matters "incidental to other matters properly before them," which includes the authority to
24 "manage its proceedings, vindicate its authority, and effectuate its decrees."  *Kokkonen v.*
25 *Guardian Life Ins. Co. of America*, 511 U.S. 375, 378, 380 (1994).  "[N]on-statutory ancillary
26 jurisdiction 'rests on the premise that a federal court acquires jurisdiction of a case or controversy
27 in its entirety.  Incident to the disposition of the principal issues before it, a court may decide
28 collateral matters necessary to render complete justice.'"  *K.C. ex rel. Erica C. v. Torlakson*, 762

1  F.3d 963, 967 (9th Cir. 2014) (quoting *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir.
2  1982)).

3  While the Government correctly points out that the Ninth Circuit has not specifically
4  addressed whether courts have authority to retroactively recalculate a defendant's criminal history
5  score under Amendment 821 outside the context of a sentence reduction, the Court finds the
6  District of New Hampshire's recent decision in *United States v. Bean*, 759 F. Supp. 3d 306
7  (D.N.H. 2024) to be persuasive. There, the court reasoned that because it has original jurisdiction
8  over a defendant's criminal proceedings, which includes calculating a defendant's criminal
9  history score to determine an appropriate sentence, recalculating that score pursuant to
10 Amendment 821 is "factually interdependent" with the court's prior determination and necessary
11 to do complete justice to the parties.[2] *Bean*, 759 F. Supp. 3d at 312–13; *see also United States v.*
12 *Thomas*, No. CR 1-00058, 2025 WL 2383613, at *3 (D.N.J. Aug. 18, 2025) (following *Bean* and
13 granting defendant's request to reduce his criminal history score pursuant to Amendment 821).
14 This decision appears consistent with that of at least one other court in this District. *See* Minute
15 Order, *United States v. Bluford*, No. 2:18-cr-00008-JAM (E.D. Cal. Oct. 9, 2024), Dkt. No. 170.
16 This Court notes its authority over Defendant's request does not derive from § 3582(c)(2) as the
17 instant proceeding does not involve a reduction to Defendant's sentence, nor does it derive from
18 Federal Rule of Criminal Procedure ("Rule") 36. *Compare United States v. Gonzales*, No. 1:15-
19 CR-00319 JLT SKO, 2025 WL 1079091, at *2 (E.D. Cal. Apr. 10, 2025) (finding Rule 36 is not
20 the proper vehicle to recalculate defendant's criminal history score).

21 Turning to the merits of Defendants' request, the Government does not dispute that under
22 Amendment 821, Defendant should receive 1, rather than 2, status points for committing the

---

[2] The Court is not persuaded by the Government's argument that *Bean* was wrongly decided. (ECF No. 637 at 5.) The Government claims *Bean* conflicts with appellate decisions that have found § 3582(c)(2) proceedings are not ancillary matters. (*Id.*) But that is not what *Bean* holds. Rather, the Court reads *Bean* to stand for the proposition that a defendant's request to recalculate their criminal history score and category under Amendment 821 is itself an ancillary matter. *Bean*, 759 F. Supp. 3d at 312–13. *Bean* found § 3582 does not apply. *Id.* at 312 (noting the request to recalculate defendant's criminal history score and category "does not 'modify a term of imprisonment[.]'").

instant offense while on mandatory supervision. (ECF No. 637 at 3.) Therefore, Defendant's recalculated criminal history score is 11 and he remains in criminal history category V. (*Id.*) While this change may not produce Defendant's intended outcome of a lower custody level and transfer to a prison camp, the Court nonetheless exercises its authority to recalculate Defendant's criminal history score and leaves the determination of any impact to the appropriate authority within the BOP.

### IV. CONCLUSION

Accordingly, Defendant's request to lower his criminal history score pursuant to Amendment 821 is GRANTED. (ECF No. 631.) The record shall reflect Defendant's criminal history score is lowered from twelve (12) to eleven (11). The Clerk of the Court is DIRECTED to forward a copy of this Order to the Warden at Lompoc I FCI.[3]

IT IS SO ORDERED.

Date: December 1, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court finds this Order is sufficient to address Defendant's motion and prayer for relief.